UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICKY B. DUDASH, individually and
as assignee of David Heisig,

    Plaintiff,

vs.                                          Case No. 8:16-cv-290-T-27AEP

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's *Daubert* Motion to Exclude the Opinions of David de Armas, Esq. (Dkt. 52), Plaintiff's *Daubert* Motion to Exclude the Opinions of Kelly Gray, Esq. (Dkt. 54), Defendant's Motion *in Limine* Regarding Expert Testimony[1] (Dkt. 57), and the respective responses (Dkts. 63, 64, 65). This is a straight forward bad faith insurance case against Souther-Owners Insurance Company, Heisig's insurance carrier. Dudash was injured in an automobile accident as a result of Heisig's negligence, and Dudash obtained a judgment against Heisig in excess of his policy limits in an underlying state court action. The parties' respective motions for summary judgment were denied. (Dkt. 77). Each party moves to exclude the opinions of the opposing party's expert witness(es). Upon consideration, the Motions are DENIED, with one minor exception with respect to Susan Kaufman.

David de Armas, an attorney who practices in bad faith insurance litigation, was retained by

---

[1] Defendant's Motion (Dkt. 57) is construed as a *Daubert* motion.

1

Southern-Owners to offer expert testimony on the issue of bad faith. He has practiced insurance bad faith law since 1987. (Dkt. 64-1 at 8-11). Based on his review of documents produced in discovery, his experience, and his understanding of Florida law, he opines that Southern-Owners did not have an opportunity to settle Dudash's claim. (Dkt. 64-1; Dkt. 64-2 at 22:1-19).

Dudash retained Susan Kaufman, an insurance adjuster, who opines that Southern-Owners did not undertake a fair or honest evaluation of Dudash's claim or make a fair and honest attempt to resolve her claim through negotiations. Kaufman has been licensed as a Florida Licensed All Lines Adjuster since 1986 and worked as a claims adjuster for 24 years. (Dkt. 65-1).

Kelly Gray, lead claims counsel for an insurance carrier since 2009, was retained by Southern-Owners to rebut Kaufman's opinions. She has practiced in the area of bad faith insurance litigation since 1993. (Dkt. 54-1 at 13). She reviewed the record in reaching her opinion that Southern-Owners sought to fairly and accurately adjust the claim, verify Dudash's injuries, and resolve the claim. (*Id.* at 9). She is also critical of the opinions reached by Kaufman. (*Id.* at 9-12).

**Standard**

A witness qualified by knowledge, skill, experience, training, or education may testify in the form of an opinion if (a) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. Trial courts act as gatekeepers to ensure expert testimony is relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Daubert v. Merrel Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). To determine reliability, a district court considers whether (1) the expert is qualified to testify

competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of specialized expertise, to understand the evidence or to determine a fact in issue. *Adams v. Laboratory Corp. of America*, 760 F.3d 1322, 1328 (11th Cir. 2014).

The first prong of *Daubert* requires an expert to be qualified. A witness may gain expertise through "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The second prong, reliability, is a consideration separate from expertise, and an expert's experience alone does not guarantee reliability. *Frazier*, 387 F.3d at 1261.

Expert testimony must also assist the trier of fact to be admissible. *Quiet Tech*, 326 F.3d at 1340-41. It will do so if it "concerns matters that are beyond the understanding of the average layperson." *Frazier*, 387 F.3d at 1262. Expert testimony is generally not helpful, and therefore not admissible, when "it offers nothing more than what lawyers for the parties can argue in closing arguments." *Id.* at 1262-63. The party offering an expert witness has the burden of laying the proper foundation for admission of the expert's testimony by a preponderance of the evidence. *Allison v. McGhan*, 184 F.3d 1300, 1306 (11th Cir. 1999). Ultimately, trial courts have "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire*, 526 U.S. at 152.

**Discussion**

### A. David de Armas

Dudash contends that De Armas is not qualified to render his opinions in this case because he is not an insurance adjuster and has not worked for an insurance provider. Notwithstanding, De Armas is an attorney licensed in Florida who has practiced for more than thirty years. A third of his

practice includes working with insurance carriers in bad faith or claims handling matters, and a third includes representing plaintiffs in personal injury or bad faith cases. (Dkt. 64-2 at 12:18-13:19). Dudash's contentions go to the weight of De Armas' opinions rather than their admissibility. He is qualified based on his knowledge, experience, education and training to provide expert opinions in this case.

Dudash also challenges De Armas, contending that his opinions are not the product of reliable methodology and are inadmissible as legal argument and conclusions. With respect to the first contention, I disagree. De Armas represents insurance companies and provides advice on good faith claims handling. (Dkt. 64 at 6). And he is an experienced attorney. Common law bad faith developed through Florida case law. *See Perera v. U.S. Fid. & Guar. Co.*, 35 So. 3d 893, 898-902 (Fla. 2010); *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 672 (Fla. 2004). His opinions are based on his understanding of Florida law and a review of the documents in the case. He is uniquely qualified to apply his knowledge and experience to the issues which are the subject of his opinions. That is a sufficiently reliable methodology in a bad faith case.

As for the second contention, Dudash's contention is not without merit. No witness may offer legal conclusions or testify to the legal implications of conduct. *Montgomery v. Aetna Cas.& Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990). And a witness' use of a term with legal significance does not constitute the expression of a legal opinion. *See Camacho v. Nationwide Mut. Ins. Co.*, 13F. Supp. 3d 1343, 1367 (N.D. Ga. 2014) ("Nationwide concedes in its Reply that expert testimony can reference terms with legal significance without transforming the opinion into a legal conclusion"). And, in Florida "[t]raditionally, reasonable diligence and ordinary care are considerations of fact – not of law." *Campbell v. Gov't Employees Ins. Co.*, 306 So.2d 525, 530-31 (Fla.1974). And

Southern-Owners asserts that De Armas will testify as "to factual conclusions, not legal conclusions." (Dkt. 64 at 12). With the understanding that De Armas will not be offering legal conclusions, Dudash's motion is due to be denied. *See Montgomery*, 898 F.2d at 1541.

**B. Susan Kaufman**

Southern-Owners contends that Kaufman is not qualified to testify as an expert because she is not an attorney. Yet, Kaufman has been licensed as an insurance adjuster since 1986 and has twenty-four years of experience in handling insurance claims. (Dkt. 59-6). And she trained and mentored adjusters on good claims handling practices. (Dkt. 59-5 at 18:5-15). She therefore possesses the necessary qualifications to testify as an expert based on her knowledge, skill, education, training and experience. Southern-Owners' challenge goes to the weight of her opinions, not their admissibility.

Southern-Owners contends that Kaufman's opinion of an evaluation range of Dudash's claim at the time of the May 2, 2008 accident should be excluded because it was not based on a reliable methodology, although Southern-Owners elicited this opinion. In any event, Kaufman testified that she was not retained to provide this opinion and it is not in her written report. (Dkt. 59-5 at 99:4-8; Dkt. 59-6). Kaufman will therefore not be permitted to testify on this.

Southern-Owners further contends that Kaufman should not be permitted to testify regarding legal conclusions. As discussed *supra*, and with the understanding that no witness may offer legal conclusions or testify to the legal implications of conduct, Southern-Owners' motion to exclude testimony regarding legal conclusions is due to be denied. *See Montgomery*, 898 F.2d at 1541. Kaufman will be permitted to testify regarding her factual opinions because her testimony as a witness experienced in claims adjusting will be helpful to the jury. And finally, Southern-Owners'

contention that Kaufman's opinions should be excluded as irrelevant, speculative, and lacking evidentiary support are rejected.

**C. Kelly Gray**

Dudash argues that Gray's opinions as a rebuttal expert should be excluded on the same grounds as De Armas' opinions were challenged: 1) the opinions are not the product of reliable methodology, and 2) the opinions are inadmissible as improper legal argument and conclusions.

Gray has worked as the lead claims attorney for an insurance company since 2009. Her opinions were formulated based on her review of the record. Dudash's argument that her review is unreliable is unpersuasive. And, as discussed *supra* and with the understanding that no witness may offer legal conclusions or testify to the legal implications of conduct, Dudash's motion to exclude her testimony as improper legal conclusions will be denied. *See Montgomery*, 898 F.2d at 1541.

**Conclusion**

Accordingly, Plaintiff's *Daubert* Motion to Exclude the Opinions of David de Armas, Esq. (Dkt. 52), Plaintiff's *Daubert* Motion to Exclude the Opinions of Kelly Gray, Esq. (Dkt. 54), and Defendant's Motion *in Limine* Regarding Expert Testimony (Dkt. 57) are **DENIED**, except as provided herein with respect to Susan Kaufman.

**DONE AND ORDERED** this 12th day of May, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record